IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DOROTHY WALLACE, *Plaintiff,* v. SCOTTSDALE IDEMNITY COMPANY, GUSTAVO LEAL DE LA GARZA d/b/a TAVO TRANSPORT, and ROBERTO GONZALEZ, JR., *Defendants*. | Case No. **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW, DOROTHY WALLACE, Plaintiff in the above-styled civil action, by and through the undersigned counsel, and files this Complaint for Damages against SCOTTSDALE INDEMNITY COMPANY, GUSTAVO LEAL DE LA GARZA d/b/a TAVO TRANSPORT and ROBERTO GONZALEZ, JR., Defendants in the above-styled civil action, showing this Honorable Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a resident of Georgia and invokes the jurisdiction of this Court.

2.

Defendant Scottsdale Indemnity Company is a foreign insurance company with a principle office located at One West Nationwide Blvd., Columbus, OH 43215. Scottsdale Indemnity Company is authorized to conduct business in the State of Georgia and does in fact conduct business within the state. Scottsdale Indemnity Company is subject to the jurisdiction and venue of this court after service of process upon its registered agent, Corporation Service Company, at 40 Technology Parkway South, #300, Norcross, GA 30092.

3.

Defendant Gustavo Leal De La Garza d/b/a Tavo Transport is a resident of Texas and at all times relevant to this action operating as an interstate motor carrier for hire. Defendant Gustavo De La Garza is subject to the jurisdiction and venue of this court and may be served with a copy of the complaint and summons at his residence, 801 E. Sioux Rd., Unit 160, Pharr, TX 78577.

4.

Defendant Roberto Gonzalez, Jr. is a resident of Texas and is subject to the jurisdiction and venue and may be served with a copy of the complaint and summons at his residence, 5948 E. Mile 18 Rd., #2, Edinburg, TX 78542.

5.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

6.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, specifically the wreck that is the basis for this action, in Walton County, State of Georgia, which is a county located in the Middle District of Georgia, Athens Division.

**FACTS**

7.

On August 16, 2015, Plaintiff Dorothy Wallace was traveling westbound on West Spring St. in Walton County, Georgia.

8.

At approximately the same time and place, Defendant Roberto Gonzalez, Jr. was operating a tractor-trailer owned by Defendant Gustavo Leal De La Garza d/b/a Tavo Transport and insured by Defendant Scottsdale Indemnity Company, also traveling westbound on West Spring St., in Walton County, Georgia.

9.

Plaintiff Dorothy Wallace was turning right into the entrance of Wal-Mart on West Spring St. in Walton County, Georgia, when Defendant Roberto Gonzalez, Jr. negligently, suddenly and without warning attempted to turn right into the entrance of Wal-Mart and crashed into Plaintiff's vehicle.

10.

As a result of this collision, Plaintiff suffered serious physical and mental injury for which the Defendants are liable.

11.

After, during and immediately before the wreck, Plaintiff experienced shock, fright, terror, pain, and suffering.

12.

As a result of the collision, Defendant Roberto Gonzalez, Jr. was cited for violating O.C.G.A. § 40-6-120, Improper Left or Right Turn.

13.

At all times relevant to this action, the truck driven by Defendant Roberto Gonzalez, Jr., a 2003 Kenworth Tractor Truck, VIN 1XKADB9X13J899782, was owned by Defendant Gustavo Leal De La Garza d/b/a Tavo Transport and insured by Defendant Scottsdale Indemnity Company under policy number TXA515272-01.

14.

At all times relevant to this action, Defendant Roberto Gonzalez, Jr. was operating within course and scope of his employment with Defendant Gustavo Leal De La Garza.

## COUNT I

**(Liability of Defendant Scottsdale Indemnity Company)**

15.

Paragraphs 1 through 14 above are incorporated herein as if fully set forth.

16.

At all relevant times, Defendant Gustavo Leal De La Garza were acted as a person owning, controlling, operating or managing any motor vehicle used in the business of transporting for hire persons, household goods or property for hire over the public highways in Georgia.

17.

At all relevant times, Defendant Scottsdale Indemnity Company insured the truck used by Defendant Gustavo Leal De La Garza as a motor carrier, the same truck driven by Defendant Roberto Gonzalez, Jr. in furtherance of this business on August 16, 2015.

18.

At the time of the collision, Defendant Scottsdale Indemnity Company had entered into policies and contracts of insurance with Defendant Gustavo Leal De La Garza d/b/a Tavo Transport, a motor carrier for hire, to provide liability insurance coverage in the event of an automobile collision involving Gustavo Leal De La Garza d/b/a Tavo Transport and its employees and/or agents, including Roberto Gonzalez, Jr. Said insurance policy was labeled TXA515272-01 and was in effect on August 16, 2015.

19.

As a result, Defendant Scottsdale Indemnity Company is subject to this lawsuit as a direct action pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

## COUNT II

**(Liability of Defendant Roberto Gonzalez, Jr. for Negligence & Negligence Per Se)**

20.

Paragraphs 1 through 19 above are incorporated herein as if fully set forth.

21.

Defendant Roberto Gonzalez, Jr. owed a duty of care to the motoring public in general, and to Plaintiff Dorothy Wallace in particular, to operate his vehicle in a reasonable and prudent manner.

22.

Defendant Roberto Gonzalez, Jr. breached his duty to exercise reasonable care in a number ways, including, but not limited to:

a) Failing to exercise ordinary care under the circumstances;

b) Failing to yield;

c) Failing to keep a proper lookout;

d) Making an improper right turn

e) Failing to observe traffic and keep his vehicle under control; and

f) Failing to avoid colliding with any other vehicle on the roadway.

23.

Defendant Roberto Gonzalez, Jr. was cited for violating O.C.G.A. § 40-6-120, Improper Right or Left Turn, which constitutes negligence per se under Georgia law.

## COUNT III

**(Vicarious Liability of Defendant Gustavo Leal De La Garza d/b/a Tavo Transport)**

24.

Paragraphs 1 through 23 above are incorporated herein as if fully set forth.

25.

At the time of the collision, Gustavo Leal De La Garza d/b/a Tavo Transport employee or agent Roberto Gonzalez, Jr. was acting within the course and scope of

his employment or agency while driving a vehicle owned by or leased to Defendant Gustavo Leal De La Garza.

26.

Defendant Gustavo Leal De La Garza d/b/a Tavo Transport is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of its agents and employees, including Roberto Gonzalez, Jr.

**COUNT IV**

**(Liability of Defendant Gustavo Leal De La Garza d/b/a Tavo Transport for Negligent Hiring, Training, Supervision and Retention)**

27.

Paragraphs 1 through 26 above are incorporated herein as if fully set forth.

28.

Defendant Gustavo Leal De La Garza d/b/a Tavo Transport is a motor carrier for hire and is subject to numerous regulations established and adopted by the Federal Government and the State of Georgia. Defendant Gustavo De La Garza d/b/a Tavo Transport was not in compliance with the regulations promulgated and adopted by the Federal Government and the State of Georgia by allowing defendant Roberto Gonzalez, Jr. to operate a commercial vehicle upon the Georgia roadways.

29.

Defendant Gustavo Leal De La Garza d/b/a Tavo Transport was negligent in failing to adhere to routine and common industry standards regarding the operation of the commercial vehicle involved in the subject incident, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, specifically Plaintiff Dorothy Wallace.

30.

Because Defendant Gustavo Leal De La Garza d/b/a Tavo Transport had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by its actions, Gustavo Leal De La Garza is liable for the negligent supervision, hiring, training, retention of their management, agents and employees and the entrustment of the commercial vehicle at issue to its managements, agents and employees.

31.

Defendant Gustavo Leal De La Garza d/b/a Tavo Transport knew or in the exercise of ordinary care, should have known, that Roberto Gonzalez, Jr was unsuited to drive a commercial vehicle.

## COUNT V

**(Liability of Defendant Gustavo Leal De La Garza d/b/a Tavo Transport for Negligent Entrustment)**

32.

Paragraphs 1 through 31 above are incorporated herein as if fully set forth.

33.

Defendant Gustavo Leal De La Garza entrusted the commercial vehicle that struck Plaintiff Dorothy Wallace on August 16, 2015 to Roberto Gonzalez, Jr.

34.

Defendant Gustavo Leal De La Garza knew that Defendant Roberto Gonzalez, Jr. was not competent to operate the tractor-trailer entrusted to him.

## DAMAGES

35.

Paragraphs 1 through 34 above are incorporated herein as if fully set forth.

36.

All of the damages sustained by Plaintiff Dorothy Wallace were proximately caused by the acts and omissions of the Defendants, for which are they liable.

37.

Plaintiff Dorothy Wallace sustained, and is entitled to compensation for, past and future:

a) Economic damages;
b) Noneconomic damages;
c) Medical expenses in an exact amount to be proven at trial;

d) Lost wages;

e) Diminished earning capacity;

f) Pain and suffering;

g) Shock, fright and terror;

h) Diminished quality of life; and,

i) General damages.

## **PRAYER FOR DAMAGES**

WHEREFORE Plaintiff prays for the following relief:

a) That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

b) That the Plaintiff have a trial by jury;

c) That plaintiff have and recover all damages to which entitled to recover under Geoergia law;

d) That all attorney's fees, expenses and costs be cast against the Defendants;

e) That service be had on the Defendants as provided by law; and

f) For such other and further relief as the Court shall deem just and appropriate.

**This 16th day of August, 2017.**

*[SIGNATURE ON NEXT PAGE]*

Respectfully submitted,

THE BREAULT LAW FIRM

*/s/ Christopher R. Breault*
Georgia Bar No. 207142
***Attorney for Plaintiff***

945 Broadway, Suite 108
Columbus, GA 31901
P: (404) 438-4357
F: (404) 600-1162
chris@breaultlawfirm.com